IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLOS BASKERVILLE, | : | |
| Plaintiff, | : | 1:15-cv-0209 |
| v. | : | Hon. John E. Jones III |
| | : | |
| WARDEN DOMINICK DEROSE, | : | |
| *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

### March 8, 2016

Plaintiff, Carlos Baskerville ("Baskerville"), an inmate who at all times relevant was incarcerated at the Dauphin County Prison,, filed this civil rights complaint pursuant to 42 U.S.C. § 1983, on January 28, 2015.  (Doc. 1).  Named as Defendants are Dauphin County Prison ("DCP"), Warden Dominick DeRose ("DeRose"), Dr. Young ("Young").

Presently pending are Defendants' motions (Docs. 18, 20) to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons that follow, the motions will be granted.

I.      **STANDARD OF REVIEW**

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).  The court must accept as

true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *Innis v. Wilson*, 334 F. App'x , 454, 456 (3d Cir. 2009) (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A district court ruling on a motion to dismiss generally "relies on the complaint, attached exhibits, and matters of public record." *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "First, the factual and legal elements of a claim should be separated." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Second, the court must then determine whether the complaint states a plausible claim for relief, which is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 211 (citing *Iqbal*, 556 U.S. at 679); *see also* 28 U.S.C. § 1915A(b) (directing the court to identify cognizable claims and to dismiss any portion of the complaint that fails to state a claim). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679; FED. R. CIV. P. 8(a)(2).

## II.    ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that while incarcerated at DCP, he was suffering from Myasthenia Gravis.  (Doc. 1, p. 3).  He states that he went into a stage of the disease which is called "myasthenia crisis" which landed him in the intensive care unit at Harrisburg Hospital for at least 5 days.  (*Id.* at 3, 4)  However, he was only given two out of the five sessions of the treatment procedure he identifies as "Plasmapheresis" before being sent back to DCP.  (*Id.* at 4).  The next month, he was "rushed" to Penn State Hershey; there was no follow-up at Harrisburg Hospital and the "disease had gotten bad again."  (*Id.*)  While at Penn State Hershey, he received six plasmapheresis treatments.  He alleges that based upon information he was given by staff at Penn State Hershey, it is evident that Harrisburg Hospital was totally negligent.  (*Id.*)

He alleges that he is receiving inadequate medical care at DCP in that his aftercare is inconsistent, his medication is delivered in an untimely manner, his rest is constantly disrupted due to insensitivity of staff, and he does not have expeditious access to medical attention.

He alleges that "during the whole time of [his] condition Dr. Young gave [him] inadequate medical treatment.  Medical was deliberately indifferent to [his] serious medical needs….  This medical treatment constituted cruel and unusual punishment, and violated [his] Eighth Amendment Right under the United States

3

Constitution." (Doc. 1, pp. 2, 4). He states that he "feel[s] the warden is liable, because he makes the decisions in Dauphin County Prison, which lead up to [his] near death experience…." (*Id.* at 3).

He seeks monetary damages and access to a medical specialist. (*Id.*)

### III.   DISCUSSION

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory of the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to any deprivation, or any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress….

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff names DCP. However, a county jail is not a proper defendant in a § 1983 action because it is not a person and therefore, not subject to suit under 42 U.S.C. § 1983. *See Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (holding

that a "state agency may not be sued under 42 U.S.C. § 1983 since it is not a person"); *Nesmith v. Beaver County Jail*, Civ. A. No. 11–388, 2012 WL 3245495 at *11 (W.D. Pa. Aug.8, 2012) (finding that the jail is not an entity that is properly subject to suit and would be dismissed as a defendant even if complaint was not deficient.) The complaint against DCP is subject to dismissal.

With regard to Defendant DeRose, individual liability will be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)). Liability "cannot be predicated solely on the operation of *respondeat superior*." *Id.* In other words, defendants in Section 1983 civil rights actions "must have personal involvement in the alleged wrongs . . . shown through allegations of personal direction or of actual knowledge and acquiescence." *Atkinson v. Taylor*, 316 F.3d 257, 271 (3d Cir. 2003); *Rode*, 845 F.2d at 1207-08. When a plaintiff merely hypothesizes that an individual defendant may have had knowledge of or personal involvement in the deprivation of his or her rights, individual liability will not follow. *Atkinson*, 316 F.3d at 271; *Rode*, 845 F.2d at 1207-08. Plaintiff is clearly attempting to impose liability on Defendant DeRose based solely on his supervisory role and not as a result of any personal involvement in the alleged unconstitutional conduct.

Consequently, the complaint against Defendant DeRose is subject to dismissal for lack of personal involvement.

Moreover, the Third Circuit has held that, '[i]f a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands.  This follows naturally from the division of labor within a prison. . . .  Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor. . . .  [A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable under the Eight Amendment scienter requirement of deliberate indifference." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004) (discussing *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993)).  It is clear that Defendant DeRose is not a physician and there is no doubt that Plaintiff was under the care of a number of medical experts throughout his the time period at issue.

Lastly, Plaintiff alleges that Dr. Young denied him adequate medical care. For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197

(3d Cir. 1999).  Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).   Deliberate indifference has been found where a prison official:  "(1) knows  of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse*, 182 F.3d at 197.  Deference is given to prison medical authorities in the diagnosis and treatment of patients, and courts "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . (which) remains a question of sound professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)).  Allegations of negligent treatment or medical malpractice do not trigger constitutional protections.  *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976).  Plaintiff's alleges that "during the whole time of [his] condition Dr. Young gave [him] inadequate medical treatment.  Medical was deliberately indifferent to [his] serious medical needs….  This medical treatment constituted cruel and unusual punishment, and violated [his] Eighth Amendment Right under the United States Constitution."  This is simply a legal conclusion and is not supported by any facts.  As stated in

*Iqbal*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Defendant Young's motion to dismiss will be granted.

The Court is mindful, however, that the sufficiency of this *pro se* pleading must be construed liberally in favor of Plaintiff, even after *Iqbal*. *See Erickson v. Pardus*, 551 U.S. 89 (2007). Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110–111 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000). Rather, a district court "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). Although the court is skeptical that, based on the nature of the allegations, Plaintiff is able to allege a violation of his constitutional rights, it is conceivable that he can cure the deficiencies of his claim with regard to Defendant Young. He will therefore be afforded leave to amend.

An appropriate order will issue.